IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 1, 2012

## HERMAN SHURN v. STATE OF TENNESSEE AND WARDEN, T.D.O.C. / N.W.C.X. AND DERRICK D. SCHOLFIELD, COMMISSIONER / T.D.O.C. AND CRIMINAL COURT FOR THE 30th JUDICIAL DISTRICT

Appeal from the Criminal Court for Shelby County
No. 06-09026     W. Mark Ward, Judge

No. W2011-02220-CCA-R3-HC  - Filed December 5, 2012

Pro Se Petitioner, Herman Shurn, appeals the Shelby County Criminal Court's denial of his petition for habeas corpus relief.  The Petitioner was originally indicted for first degree felony murder and especially aggravated robbery.  A jury convicted the Petitioner of criminally negligent homicide and aggravated robbery for which the Petitioner received an effective sentence of fourteen years in the Department of Correction.  On appeal, the Petitioner contends that his indictment for aggravated robbery, as amended, is void.  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Herman Shurn, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Betsy Wiseman, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In a multiple count indictment, the Petitioner was charged with murder during the perpetration of a felony to wit: the aggravated robbery of James Puckett.  Count two of the indictment, charged especially aggravated robbery of a different victim, Rodney Taylor, and originally read, in pertinent part, as follows:

[The Defendant] on February 28, 2006 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, knowingly, and violently, by use of a deadly weapon, obtain from the person of RODNEY TAYLOR a sum of Money, of Value, proper goods and chattels of RODNEY TAYLOR and caused serious bodily injury to JAMES PUCKETT, in violation of T.C.A. 39-13-403, against the peace and dignity of the State of Tennessee.

State v. Herman Shurn, No. W2009-00708-CCA-R3-CD, 2011 WL 198631*6 (Tenn. Crim. App. Jan. 12, 2011), perm. app. denied (Tenn. May 25, 2011). Over the objection of the Petitioner's trial counsel, the trial court granted the State's request to amend the indictment for especially aggravated robbery prior to jury selection. The trial court reduced the especially aggravated robbery to aggravated robbery by striking the words "and cause serious bodily injury to JAMES PUCKETT, in violation of T.C.A.39-13-403" from count two of the indictment. The jury subsequently found the Petitioner guilty of aggravated robbery, a Class B felony, and criminally negligent homicide, a Class E felony, for which he received an effective fourteen-year sentence.

Following his convictions and sentence, the Petitioner filed a direct appeal challenging, among other things, the court's amendment of the especially aggravated robbery indictment. State v. Herman Shurn, No. W2009-00708-CCA-R3-CD, 2011 WL 198631 (Tenn. Crim. App. Jan. 12, 2011), perm. app. denied (Tenn. May 25, 2011). This Court affirmed his convictions and sentences. In concluding that the trial court did not err by amending the indictment, we reasoned that aggravated robbery, as a lesser included offense of especially aggravated robbery, was contemplated in the indictment. Accordingly, we held "that the amendment to the indictment did not charge an additional or different offense and did not prejudice a substantial right of the [Petitioner]." Id. at *7.

On July 21, 2011, the Petitioner filed his petition for writ of habeas corpus alleging that the amended indictment for aggravated robbery was void. The Criminal Court of Shelby County summarily dismissed the petition finding that the petition failed to state a cognizable claim. This appeal followed.

## ANALYSIS

On appeal, the Petitioner asserts that the trial court erred in denying his petition for writ of habeas corpus because the amended indictment for aggravated robbery is void. The State responds that the trial court properly dismissed the petition because it failed to state a cognizable claim.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64)). However, as the Tennessee Supreme Court stated in Hickman v. State:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see Summers, 212 S.W.3d at 256 (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the

habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

As an initial matter, no amended indictment appears in the record, and the Petitioner asserts that the trial court constructively amended the indictment for especially aggravated robbery. As previously noted, in the Petitioner's direct appeal, this court addressed and rejected the Petitioner's challenges to "the amendment to the indictment." Shurn, 2011 WL 198631 at *5-7. It has been well established that habeas corpus proceedings "may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction." Gant v. State, 507 S.W.2d 133, 137 (Tenn. Crim. App.1973) (citations omitted). On direct appeal, this Court noted that the indictment for first degree murder referenced aggravated robbery, and "[b]oth counts of the indictment gave the [Petitioner] notice of the facts constituting the offense and the victims involved . . . ." Shurn, 2011 WL 198631 at *7. Because this Court reviewed this issue on direct appeal and concluded that the amended indictment charging aggravated robbery did not charge an additional or different offense, the Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

Upon review of the record and applicable law, this court concludes that the Petitioner is not entitled to habeas corpus relief and that the habeas court's summary dismissal of the petition was proper.

_____
CAMILLE R. McMULLEN, JUDGE

-4-